# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE MCMILLAN<br>347 Greenwood Road<br>Sharon Hill, PA 19079<br><br>   Plaintiff,<br><br>   v.<br><br>NORTHEAST TREATMENT<br>CENTERS, INC.<br>499 N. 5th Street<br>Philadelphia, PA 19123<br><br>   Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Antoinette McMillan ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Northeast Treatment Centers, Inc. ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101 to 9-1129, by discharging Plaintiff on account of her actual and/or perceived disabilities; and in retaliation for requesting a reasonable accommodation in connection thereto. Additionally, Plaintiff contends that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA") and the PFPO by discriminating against her on the basis of her pregnancy.

## PARTIES

2. Plaintiff Antoinette McMillan is an adult American citizen residing at 347 Greenwood Road, Sharon Hill, PA 19079.

3. Upon information and belief, Defendant Northeast Treatment Centers, Inc. is for-profit corporation doing business in and under the laws of the Commonwealth of Pennsylvania with a corporate business address of 499 N. 5th Street, Philadelphia, PA 19123.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about May 31, 2019, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR"), which was dually-filed with the United States Equal Employment Opportunity Commission (the "EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e). Plaintiff's Complaint was docketed as PCHR Case No.: 2010-06-11-1654 and 17G -2019-00121C. Plaintiff's Complaint was filed within three hundred (300) days of the unlawful employment practice, i.e. discrimination on account of a disability.

6. By correspondence dated October 16, 2020, Plaintiff received a Notice of Rights to Sue from the PCHR regarding her Complaint.

7. By correspondence dated March 10, 2021, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge of Discrimination, advising her that she had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant matter within the relevant statutory timeline.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA") and Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA").

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claims.

13. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. On or about October 3, 2017, Defendant hired Plaintiff as a Nurse at Defendant's registered address of 7520 State Road, Philadelphia, PA 19136.

16. At all times material hereto, Plaintiff performed her job duties well, receiving positive feedback and no justifiable discipline.

17. In or around November 2017, Plaintiff notified Respondent's Vice President and her Supervisor, Kevin Raines ("Mr. Raines), that she was four (4) months pregnant.

18. Subsequent to disclosing her pregnancy to Defendant, Plaintiff began receiving performance write-ups. Specifically, Plaintiff began receiving unjustifiable performance write-ups. During this brief period, Plaintiff received approximately five (5) performance-based write ups.

19. Furthermore, Mr. Raines stated she would not receive any benefits for her baby.

20. On or around January 18, 2018, Plaintiff injured her leg during a work place accident. Specifically, Plaintiff lost consciousness and fell in Defendant's bathroom.

21. As a result of her injury, Plaintiff required medical attention and was diagnosed with Neurocardiogenic syncope, blood pressure issues, and nerve damage to her leg.

22. The aforementioned conditions constitute a disability within the meaning of the ADA/PFPO in that they substantially impair one or more of her major life activities such as walking, standing, lifting, performing manual work, and working.

23. Subsequent to her workplace injury, Plaintiff called Respondent's Human Resources ("HR") and was referred to Respondent's worker's compensation doctor.

24. On or about February 12, 2018, Plaintiff met with Respondent's workers' compensation doctor and was directed to take time off from work for medical leave in connection to her disabilities.

25. Additionally, Plaintiff could not feel her leg during the period from in or around January 2018 to in or around April 2018.

26. On or about June 18, 2018, Plaintiff was cleared to return to work with restrictions. Specifically, Plaintiff was released to work part-time and with light duty restrictions to accommodate her disabilities.

27. Shortly thereafter, on or about August 6, 2018, Plaintiff's physician directed her to take a medical leave of absence in connection to complications with her disability.

28. Again, on or about November 7, 2018, Plaintiff was released to work with limited restrictions.

29. Specifically, per her physician's recommendation, Plaintiff requested two (2) hours of physical therapy per week in connection to her disability.

30. Defendant failed to accommodate her request for a reasonable accommodation in connection to her disabilities requiring her to work without the ability of attending physical therapy.

31. Upon her return from medical leave, Plaintiff was subjected to differential treatment on the basis of her disability and/or perceived disability, and/or past record of impairment.

32. By way of example, on or about November 7, 2018, Mr. Raines said "Don't go passing out in the bathroom, we can't have you missing any more time."

33. Shortly thereafter, on or about November 11, 2018, November 14, 2018, and November 18, 2018, Plaintiff made complaints to Defendant's Nurse Supervisor, Stephanie Snipes ("Ms. Snipes"), with respect to the differential treatment she was receiving. She also complained that Mr. Raines was targeting her and she requested to not work as closely with Mr. Raines.

34. Additionally, she complained approximately three (3) times to Mr. Raines regarding her accommodations in connection to her disabilities not being met. Specifically, Plaintiff complained that she needed to sit and rest her leg due to the severe discomfort she was experiencing.

35. By way of response, Mr. Raines stated "You're going to need to push through."

36. Shortly thereafter, on or about November 28, 2018, Plaintiff was terminated from employment by Defendant allegedly leaving work early on or about November 24, 2018, resulting in unauthorized overtime for the individual that covered her remaining shift.

37. It should be noted that Plaintiff had never been disciplined or informed of any policy regarding unauthorized overtime.

38. Most significantly, on November 24, 2018, Plaintiff spoke with Mr. Raines directly after requiring leave due to flu symptoms and a fever of 104. Mr. Raines instructed Plaintiff to leave.

39. Later that day, Plaintiff confirmed she had the flu. Accordingly, Mr. Raines advised Plaintiff that she not return to work for four (4) days.

40. Plaintiff provided the appropriate documentation to Ms. Snipes, but when she attempted to return to work on November 28, 2018, she was not allowed to enter the building.

41. Given the aforementioned circumstances and timing, Plaintiff believes and thus avers that Defendant terminated her employment because of her actual and/or perceived disabilities, such disabilities Defendant regarded her as having, for her past record of impairment, and in retaliation for requesting an accommodation as well as her complaints in connection thereto in violation of the PFPO and the ADA.

42. Plaintiff further avers that Defendant discriminated against Plaintiff due to her pregnancy and/or gender (female), in violation of the PFPO and Title VII as amended by the PDA.

43. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**<u>DISCRIMINATION AND RETALIATION</u>**

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

46. At all times relevant hereto, Defendant had at least fifteen (15) employees.

47. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

48. As described above, Plaintiff's conditions are physical impairments that substantially limited Plaintiff in one or more major life activities.

49. Defendant was aware of Plaintiff's disabilities.

50. Plaintiff requested a reasonable accommodation in connection to her disabilities.

51. Defendant failed to accommodate Plaintiff's reasonable requests for her disabilities.

52. Upon information and belief, Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disabilities and for her complaints for failing to accommodate her requests for reasonable accommodations.

53. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of her disabilities, and in retaliation for Plaintiff's requests for reasonable accommodations in connection to her disabilities and for her complaints for failing to accommodate her requests for reasonable accommodations.

54. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
### PHILADLEPHIA FAIR PRACTICES ORDINANCE
### § 9-1100, et seq.
### DISCRIMINATION AND RETALIATION

55. Paragraphs 1 through 54 are hereby incorporated by reference as if the same were more fully set forth at length herein.

56. At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practice Ordinance Code, § 9-1100, *et seq*.

57. At all times relevant hereto, Defendant had at least one (1) employee.

58. Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

8

59. As described above, Plaintiff's conditions are physical impairments that substantially limited Plaintiff in one or more major life activities.

60. Defendant was aware of Plaintiff's disabilities.

61. Plaintiff requested a reasonable accommodation in connection to her disabilities.

62. Defendant failed to accommodate Plaintiff's reasonable requests for her disabilities.

63. Upon information and belief, Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disabilities and for her complaints for failing to accommodate her requests for reasonable accommodations.

64. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PFPO by terminating Plaintiff on account of her disability and/or in retaliation for requesting an accommodation in connection to her disability as well as her complaints in connection thereto.

65. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

66. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.  Pre-judgment interest in an appropriate amount;

E.  Such other and further relief as is just and equitable under the circumstances; and

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT III

### TITLE VII OF THE CIVIL RIGHTS ACT
### AS AMENDED BY THE PREGNANCY DISRCRIMINATION ACT
### 42 U.S.C. § 2000e *et seq.*
### PREGNANCY/GENDER DISCRIMINATION

67.  Plaintiff repeats and incorporates the foregoing 66 paragraphs as though the same were fully set forth at length herein.

68.  Defendant employed at least fifteen (15) employees throughout its various office locations at all times material hereto.

69.  Defendant subjected Plaintiff discrimination on the basis of her gender (female) and on the basis of her pregnancy, protected classes under Title VII.

70.  Defendant violated Title VII in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her pregnancy and/or gender.

71.  Defendant did not issue any write ups to Plaintiff until just after she disclosed her pregnancy.

72. Upon information and belief, Defendant issued these write ups because she disclosed her pregnancy, in violation of Title VII.

73. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

74. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## PHILADLEPHIA FAIR PRACTICES ORDINANCE
## § 9-1100, et seq.
## PREGNANCY/GENDER DISCRIMINATION

75. Paragraphs 1 through 74 are hereby incorporated by reference as if the same were more fully set forth at length herein.

76. At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practice Ordinance Code, § 9-1100, *et seq*.

77. At all times relevant hereto, Defendant had at least one (1) employee.

78. Defendant subjected Plaintiff discrimination on the basis of her gender (female) and on the basis of her pregnancy, protected classes under PFPO.

79. Defendant violated the PFPO in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her pregnancy and/or gender.

80. Defendant did not issue any write ups to Plaintiff until just after she disclosed her pregnancy.

81. Upon information and belief, Defendant issued these write ups because she disclosed her pregnancy, in violation of the PFPO.

82. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

83. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

G. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

H. Compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

I. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

J. Pre-judgment interest in an appropriate amount;

K. Such other and further relief as is just and equitable under the circumstances; and

L. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                                      Respectfully submitted,

                                      **MURPHY LAW GROUP, LLC**

                    By:    */s/ Preeya Bansal*
                                   Preeya Bansal, Esq.
                                   Michael Murphy, Esquire
                                   Eight Penn Center, Suite 2000
                                   1628 John F. Kennedy Blvd.
Dated: 5/25/21                    Philadelphia, PA 19103
                                   Tel: 267-273-1054
                                   pbansal@phillyemploymentlawyer.com
                                   murphy@phillyemploymentlawyer.com
                                   Attorney for Plaintiff

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.